IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALEX JUAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-009 |
| | ) | |
| OFFICER HENRY; OFFICER | ) | |
| ROBERTSON; and OFFICER JONES, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Hays State Prison in Trion, Georgia, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Augusta State Medical Prison in Grovetown, Georgia. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING THE COMPLAINT

### A.    BACKGROUND

In his complaint, Plaintiff names as Defendants: (1) Officer Henry, (2) Officer Robertson, and (3) Officer Jones. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On the morning of November 12, 2025, Plaintiff was in a physical altercation with another inmate in a dorm.  (Id. at 5.)  After the fighting ceased, Defendant Officer Henry escorted the other inmate out of the dorm but did nothing to restrain him.  (Id.)  Defendant Officer Jones placed Plaintiff in handcuffs before walking Plaintiff to an area where the other inmate stood unrestrained a few feet away.  (Id.)  The inmate attacked Plaintiff, striking him in the face three times, and causing Plaintiff to fall to the ground.  (Id.)  While Plaintiff was on the ground and still handcuffed, the other inmate continued to "stomp" Plaintiff in the head three times.  (Id.)  Defendants Henry and Jones watched the attack for approximately fifteen seconds before intervening and restraining the other inmate with handcuffs.  (Id.)

Soon after, Defendant Officer Roberston and Lt. Sims arrived and escorted Plaintiff and the other inmate to the medical unit on the elevator.  (Id.)  Once they arrived at the medical unit floor, Defendant Henry escorted the other inmate off the elevator first, and Defendant Robertson and Plaintiff followed directly behind.  (Id. at 6.)  Defendant Henry did not have a secure hold of the other inmate while exiting the elevator, leading the other inmate to run away from Defendant Henry and attack Plaintiff a second time.  (Id.)  The other inmate kicked Plaintiff in the stomach, causing him to fall to the ground again, and spit on Plaintiff.  (Id.)  Plaintiff was still handcuffed from behind.  (Id.)  Defendants Henry, Robertson, and Jones were present for the inmate's second attack.  (Id.)  If the other inmate had a knife in his possession, Plaintiff would be dead.  (Id.)

Based on the foregoing, Plaintiff claims Defendants did nothing to protect him.  (Id.)  Plaintiff makes no specific demands for relief.  (See id.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

> **2.      Plaintiff Fails to State a Claim of Deliberate Indifference to His Safety, Both with Respect to Failure to Protect and Failure to Intervene**

A prison official may violate an inmate's constitutional rights by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[1]  When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of action against

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

prison officials for cruel and unusual punishment.  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

### a.        Plaintiff Fails to State a Failure to Protect Claim

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34).  To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations and citation omitted).  These three elements are evaluated in part by an objective standard and in part by a subjective standard.  See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

"When examining the first element—a substantial risk of serious harm—the court uses an objective standard."  Id.  To establish the second element—the defendant's deliberate indifference to that risk—a "plaintiff must demonstrate that the defendant acted with 'subjective recklessness as used in the criminal law,' and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff."  Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*) (quoting Farmer, 511 U.S. at 839).  However, "even if the defendant 'actually knew of a substantial risk to inmate health or safety,' he 'cannot be found liable under the Cruel and Unusual Punishments Clause' if he 'responded reasonably to the risk.'"  Id. (quoting Farmer,

511 U.S. at 844-45).   Whether a defendant responded reasonably is evaluated using an objective standard.  Caldwell, 748 F.3d at 1099.

Accordingly, mere negligent failure to protect an inmate from an attack does not justify § 1983 liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of reckless disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; Wade, 106 F.4th at 1262.

Here, Plaintiff fails to state a failure to protect claim for either the first or second attacks. Regarding the first attack, Plaintiff fails to state a claim because he does not establish Defendants Henry and Jones acted with the requisite criminal recklessness necessary to establish their deliberate indifference.  At most, the allegations reveal Defendants were negligent in not properly securing the other inmate after the fight.  Plaintiff fails to establish Defendant Jones' decision to handcuff him, in turn leaving him unable to defend himself, was an act made with conscious disregard to Plaintiff's safety.  Ultimately, while Defendants Henry and Jones may have acted without due care by restraining one inmate but not the other, there is no allegation or reasonable inference that such actions and omissions were the result of their deliberate indifference to Plaintiff's safety.  Mere negligent failure to protect is insufficient. Brown, 894 F.2d at 1537.  For these reasons, Plaintiff does not state a failure to protect claim against Defendants Henry and Jones concerning the first attack.

As to the second attack, Plaintiff contends the same inmate attacked Plaintiff after they exited the elevator while on their way to the medical unit.  (Doc. no. 1, p. 6.)  Plaintiff fails to show either Defendants Henry or Robertson were deliberately indifferent to his safety under the high standard of criminal recklessness.  Again, at most, Plaintiff's allegations support that

6

they acted with negligence in escorting two fighting inmates in the same elevator at the same time. Therefore, because he does not allege facts satisfying the objective or subjective elements, Plaintiff fails to state a failure to protect claim regarding the second attack.

For the above-described reasons, Plaintiff's failure to protect claims for both the first and second attacks should be dismissed.

#### b.    Plaintiff Fails to State a Claim for Failure to Intervene

Furthermore, a prison official can be liable under the Eighth Amendment for failing to take reasonable steps to protect a victim from an ongoing assault by another inmate. See Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (per curiam) (citing Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)). As explained by the Eleventh Circuit, liability for a failure to intervene claim may be imposed when: (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury. See Johnson v. Boyd, 568 F. App'x 719, 724-25 (11th Cir. 2014) (per curiam). Plaintiff bears the burden of showing Defendant was in a position to intervene but did not do so. See Ledlow, 500 F. App'x at 914.

> The reasonable response requirement has been described as follows:

> "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844. More succinctly, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Id. at 845. We have said that a prison official violates the Eighth Amendment if he responds to a known risk "in an objectively unreasonable manner." Cottone [v. Jenne], 326 F.3d 1352, 1358 (11th Cir. 2003). An official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act." Hale [v. Tallapoosa Cty.,] 50 F.3d 1579, 1583 (11th Cir. 1995).

7

Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 619-20 (11th Cir. 2007).

As noted, for liability to attach, prison officials must have been "in a position to intervene." Terry, 376 F. App'x at 896 (citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998)). An officer who fails to intervene in a fight between inmates can only be held liable if he "was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff." Smith v. Andrews, CV 114-206, 2016 WL 6818755, at *4 (S.D. Ga. Nov. 16, 2016) (collecting cases), *adopted by*, 2016 WL 7197446 (S.D. Ga. Dec. 9, 2016) (Hall, C.J.); Seals v. Marcus, No. 1:11-CV-99 WLS, 2013 WL 656873, at *7 (M.D. Ga. Jan. 25, 2013) (same), *adopted by*, 2013 WL 663579 (M.D. Ga. Feb. 22, 2013).

Here, Plaintiff does not establish the elements necessary to state a claim for failure to intervene regarding the first or second attacks. Concerning the first attack, Plaintiff claims Defendants Henry and Jones watched for approximately fifteen seconds while the other inmate was attacking him. (Doc. no. 1, p. 5.) Plaintiff's claims fail because he does not show either Defendant failed to respond reasonably to the attack. Restraining Plaintiff's attacker after mere seconds after the attack began is a reasonable response to the risk of injury Plaintiff faced, and Plaintiff does not allege any facts demonstrating this response period was objectively unreasonable. Thus, Plaintiff fails to state a claim against Defendants Henry or Jones for failure to intervene.

As to the second attack, Plaintiff alleges all three Defendants were "present" while the inmate kicked and spit on him after they exited the elevator. (Id. at 6.) He does not allege any Defendants could intervene, and Defendants' mere presence alone is insufficient to establish this element. This omission is significant because it is Plaintiff's burden to demonstrate Defendants were in a position to intervene. See Brown, 894 F.2d at 1537. Furthermore,

Plaintiff does not allege any Defendant failed to respond reasonably to the risk because he alleges no information about their responses, or lack thereof, to the second attack. Rather, all he alleges about the second attack is that Defendants were present, which is wholly insufficient to state a claim. Accordingly, because he fails to allege necessary elements for a failure to intervene claim against all three Defendants for this attack, it should also be dismissed.

Therefore, because Plaintiff fails to state a claim for either the first or second attacks, Plaintiff's failure to intervene claims should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 3rd day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA